UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY A. WEAKFALL, JR.,

                                 Petitioner,

   vs.                                                         9:18-CV-528
                                                                               (LEK/ATB)

GERARD JONES,

                                 Respondent.

---

ANTHONY A. WEAKFALL, JR., Petitioner pro se
LISA FLEISCHMANN, Asst. Attorney General for Respondent
ALYSON J. GILL, Asst. Attorney General for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

**I.   Background**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction rendered in the Onondaga County Court on November 24, 2009. (Amended Petition ("Pet.") ¶ 1 (Dkt. No. 6). Petitioner was convicted after a guilty plea to second degree murder pursuant to N.Y. Penal Law § 125.25(2). Petitioner was sentenced to 13 years to life incarceration. The Appellate Division, Fourth Department affirmed petitioner's conviction on July 5, 2013, and the New York Court of Appeals denied leave to appeal on September 30, 2013. *People v. Weakfall*, 108 A.D.3d 1115 (4th Dep't), *lv. denied*, 21 N.Y.3d 1078 (2013). On March 28, 2017, the Onondaga County Court denied petitioner's N.Y. Crim. Proc. Law

§ 440.10 motion to vacate his conviction . (State Court Records ("SR") at 479-82). The Appellate Division, Fourth Department denied leave to appeal the denial of the section 440.10 motion on June 28, 2017. (SR at 497). On October 12, 2017, the New York Court of Appeals dismissed petitioner's application for leave to appeal because the Appellate Division's June 28, 2017 Order was not appealable. (SR at 499).

Petitioner raises six grounds for this court's review:

(1) The trial court erred in denying the petitioner's suppression motion.

(2) The trial court erred in denying petitioner's motion to dismiss the indictment.

(3) Petitioner's 13 year to life sentence was harsh and excessive.

(4) Petitioner's plea was not voluntary.

(5) The trial court erred in failing to transfer the petitioner's case to Family Court.

(6) Petitioner was denied his "State and Federal Constitutional Rights."

Respondent argues for denial of the petition, based on the statute of limitations and on the merits of petitioner's claims. For the following reasons, this court agrees with the respondent and will recommend denial of the petition.

## II. Relevant Facts

Petitioner pled guilty to murder, second degree resulting from the physical abuse of his girlfriend's 20-month old daughter over the course of several weeks. 108 A.D.3d at 1115. On November 21, 2008, petitioner beat the child for approximately one hour and then left her alone for several hours, during which time she died from multiple blunt force traumatic injuries. *Id.* The police initially treated the petitioner as a witness

because he and the child's mother indicated that a babysitter was responsible for the child's death. *Id.* Petitioner was taken to the police station and questioned about the babysitter for approximately one hour. *Id.* The questioning was "investigatory." However, during the interview, the petitioner admitted his involvement, and the officers began to believe that petitioner might be a suspect. (SR at 46) (Suppression Hearing Decision). The officers concluded the interview and left the room to speak with supervisors. (*Id.*) Petitioner was ultimately brought to another area which was appropriate for questioning juveniles, and he gave a statement.[1] (SR at 82-84). Petitioner moved to suppress his statements, and his motion was denied by the trial court judge. *Id.* Petitioner subsequently pled guilty to second degree murder and was sentenced pursuant to the plea agreement to 13 years to life imprisonment.

## III.   Statute of Limitations

### A.   Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a federal court lacks the power to grant a writ of habeas corpus under 28 U.S.C. § 2254

> unless the adjudication . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] The officers' statement indicates that they attempted to contact the petitioner's father, and that one of the officers had a conversation with him. (SR at 97).

3

28 U.S.C. 2254(d). The AEDPA established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* § 2244(d)(1)(A). If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal.[2] *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001).

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized ***and*** made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B), (C), and (D). In *Duncan v. Walker*, 533 U.S. 167, 179 (2001), the Supreme Court stated that this statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."

The AEDPA provides that the one year limitations period will be tolled while a

---

[2] The ninety-day time period is the time that a petitioner would have to seek direct review of his conviction in the United States Supreme Court and must be counted for purposes of the AEDPA statute of limitations. *Williams v. Artuz*, 237 F.3d at 150 51 (discussing the statutory requirement that the statute of limitations begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review") (citing 28 U.S.C. § 2244(d)(1)(A)).

4

"properly filed" state court post-conviction motion is pending. 28 U.S.C. § 2244(d)(2). The tolling provision only applies if the post-conviction motion was "properly filed" and if it was pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.2d 13, 16 (2d Cir. 2000). Simply filing a post-conviction motion does not re-start the limitations period, and it excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120–21 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000).

Although the AEDPA does not provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "extraordinary circumstances," the court may equitably toll the limitations period. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). The Second Circuit has also determined that courts should consider a claim of "actual innocence" as a basis for excusing late filing under the AEDPA. *See Rivas v. Fischer*, 687 F.3d 514, 548 (2d Cir. 2012).

### B. Application

Petitioner pled guilty on October 30, 2009 and was sentenced on November 24, 2009. Petitioner appealed, and the Appellate Division affirmed his conviction on July 5, 2013. The New York Court of Appeals denied leave to appeal on September 30,

2013. As stated above, petitioner would have had ninety days to apply for certiorari in the United States Supreme Court. Petitioner did not do so, and thus, the statute of limitations began to run ninety days after the New York Court of Appeals denied leave to appeal. Ninety days after September 30, 2013 would have been December 29, 2013, and petitioner's conviction was final as of that date. Based on the December 29, 2013 date, petitioner's one year statute of limitations would have expired on December 29, 2014. Petitioner signed this petition on April 25, 2018, and it was postmarked May 2, 2018.[3] (Dkt. No. 1 at 15 and Dkt. No. 2). Even using the date that plaintiff signed the petition, it was filed more than three years after the statute of limitations expired, and the petition is untimely.

Plaintiff is not entitled to statutory tolling because he did not file his section 440.10 motion until August 16, 2016, more than one year after the expiration of the statute of limitations. As stated above, filing a post conviction motion after the limitation period has expired does not extend or restart the limitations period. *Bennett, supra*. Thus, the petition is still untimely.

The court must also consider whether to grant the petitioner equitable tolling. In his application, petitioner explains that he was "constantly transitioning from facility to SHU from SHU to facility" and was not given his legal papers. (Pet. ¶ 18). He states that it was not until he "got to Attica" that he had all of his legal work.

Respondent argues that petitioner should not be given equitable tolling because

---

[3] For purposes of the statute of limitations and other filing deadlines, inmates are entitled to the benefit of the "prison mailbox rule." *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (under the prison mailbox rule, the court deems a pro se prisoner's papers filed on the date that the prisoner delivered the papers to prison officials for transmittal to the court).

he was housed at Attica Correctional Facility from January 22, 2014 until October 6, 2017, and thus, even if the court were to find that petitioner's excuse for not filing was valid, he still had from January 22, 2014 until the statute of limitations expired on December 29, 2014 within which to file his habeas petition. Petitioner managed to file his section 440.10 motion in 2016. The issues that he brought in his section 440.10 motion were almost the same as those he brought in the Appellate Division and in this habeas petition, thus, the petitioner did not need to bring the section 440.10 motion before he brought this habeas application. In fact, the County Court's order denying petitioner's section 440.10 motion was based, in part, on the fact that petitioner's claims had already been decided on appeal. (SR at 480).

Petitioner responds by stating that he was "never afforded proper means to file this petition in a timely manner," and that the respondent has given the court "to [petitioner's] knowledge" false information about the date that he was transferred to Attica. (Dkt. No. 20). Plaintiff has no basis for this conclusory statement, and he has not shown that he has exercised due diligence in attempting to file his petition. Plaintiff states that he was in keeplock "on multiple occasions" at Attica, and that while he was "in keeplock" Attica did not "afford inmates legal research of any kind." (*Id.*) Petitioner has not established any "extraordinary circumstances" which would excuse a three year tolling of the statute of limitations, and there is no basis for petitioner to claim "actual innocence." Thus, the petition must be dismissed as untimely.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**, and it is

**RECOMMENDED**, that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: April 5, 2019

*[signature: Andrew T. Baxter]*

Hon. Andrew T. Baxter
U.S. Magistrate Judge